RICHARD M. PACHULSKI (Cal. Bar No. 90073)
ROBERT B. ORGEL (Cal. Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:   rpachulski@pszjlaw.com
              rorgel@pszjlaw.com

Attorneys for Shlomo Rechnitz

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Plaza Healthcare Center LLC,<br><br>       Debtor and Debtor-in-Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Belmont Heights Healthcare Center LLC<br>☐ Affects Claremont Healthcare Center Inc.<br>☐ Affects Country Villa East LP<br>☐ Affects Country Villa Imperial LLC<br>☐ Affects Country Villa Nursing Center Inc.<br>☐ Affects Country Villa Southbay LLC<br>☐ Affects East Healthcare Center LLC<br>☐ Affects Los Feliz Healthcare Center LLC<br>☐ Affects Mountainside Operating Company LLC<br>☐ Affects North Healthcare Center LLC<br>☐ Affects North Point Health & Wellness Center LLC<br>☐ Affects Plaza Convalescent Center LP<br>☐ Affects Plaza Healthcare Center LLC<br>☐ Affects RRT Enterprises LP<br>☐ Affects Sheraton Healthcare Center LLC<br>☐ Affects South Healthcare Center LLC<br>☐ Affects Westwood Healthcare Center LLC<br>☐ Affects Westwood  Healthcare Center LP<br>☐ Affects Wilshire Healthcare Center LLC<br><br>       Debtors and Debtors-in-Possession. | Lead Case No.:  8:14-bk-11335-CB<br>(Jointly Administered)<br>Case No. 8:14-bk-11337-CB<br>Case No. 8:14-bk-11358-CB<br>Case No. 8:14-bk-11359-CB<br>Case No. 8:14-bk-11360-CB<br>Case No. 8:14-bk-11361-CB<br>Case No. 8:14-bk-11362-CB<br>Case No. 8:14-bk-11363-CB<br>Case No. 8:14-bk-11364-CB<br>Case No. 8:14-bk-11365-CB<br>Case No. 8:14-bk-11366-CB<br>Case No. 8:14-bk-11367-CB<br>Case No. 8:14-bk-11368-CB<br>Case No. 8:14-bk-11370-CB<br>Case No. 8:14-bk-11371-CB<br>Case No. 8:14-bk-11372-CB<br>Case No. 8:14-bk-11373-CB<br>Case No. 8:14-bk-11375-CB<br>Case No. 8:14-bk-11376-CB<br>Chapter 11 Cases<br><br>**OPPOSITION OF SHLOMO RECHNITZ TO (1) KAISER FOUNDATION HOSPITALS' MOTION PURSUANT TO RULE 7052 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUESTING AMENDMENT OF THE COURT'S ORDER APPROVING STALKING HORSE AS WINNING BIDDERS AT AUCTION TO INCLUDE FINDINGS OF FACT AND CONCLUSIONS OF LAW; AND (2)  COVENANT CARE, LLC'S JOINDER TO KAISER FOUNDATION HOSPITALS' MOTION; REQUEST FOR HEARING** |

DOCS_LA:280943.2 73538/001

|  |  |
|---|---|
|  | Date:  [To Be Determined]<br>Time:<br>Place: Courtroom 5D<br>      411 West Fourth Street<br>      Santa Ana, CA  92701<br>Judge: Hon. Catherine Bauer |

**TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:**

Shlomo Rechnitz ("Rechnitz") hereby opposes and requests that a hearing be held upon the (1) *Notice Of Motion And Motion Pursuant To Rule 7052 Of The Federal Rules Of Bankruptcy Procedure Requesting Amendment Of The Court's Order Approving Stalking Horse As Winning Bidders At Auction To Include Findings Of Fact And Conclusions Of Law* (the "Motion")[1] filed by Kaiser Foundation Hospitals ("Kaiser"); and (2) *Notice Of Joinder And Joinder Re Notice Of Motion And Motion Pursuant To Rule 52 Of The Federal Rules Of Bankruptcy Procedure Requesting Amendment Of The Court's Order Approving Stalking Horse As Winning Bidder At Auction To Include Findings OF Fact And Conclusions Of Law* (the "Joinder") filed by Covenant Care, LLC ("Covenant Care").

**I.**

**INTRODUCTION**

The Motion should be denied for many reasons. The law is clear that the purpose of a motion for additional findings under Rule 52 is to clarify the record in order to facilitate appellate review, not to make untimely objections. But there is and will be no appeal. The order that Kaiser argues must be supported by further findings was an order that determined Rechnitz to be the winning bidder (the "Winning Bidder Order"). Unsuccessful bidders have no standing to appeal such an order. Furthermore, the issues on which Kaiser seeks further findings relate almost entirely to the bid procedures and terms of sale, not to the identification of the winning bidder. Those bid procedures and sale terms were established pursuant to a motion to which Kaiser and Covenant Care

---

[1] Kaiser filed the Motion on August 14, 2014 and an amended Motion on August 15, 2014 that appears to be identical to the original. Rechnitz opposes both.

2

DOCS_LA:280943.2 73538/001

did not object and an order that they did not appeal. In short, the Motion has no legitimate purpose because there is and will be no appeal that would even theoretically require additional findings.

The Motion would fail even if it had a legitimate purpose. The Winning Bidder Order identified the winning bidder by applying the previously approved bid procedures and sale terms to undisputed facts, *i.e.*, the terms of Kaiser's purported overbid of Rechnitz' Stalking Horse Bid. No other determinations were made or needed to be made. There was no motion for reconsideration before the Court that required it to make any new determinations concerning the sale terms or bid procedures. Rule 52 does not apply to orders on motions in such circumstances. Moreover, even if Rule 52 did apply, it does not require that findings be spelled out if the basis for the decision is clear. Here, the basis of the Winning Bidder Order is clear from the record, and Kaiser fails to meet its burden of demonstrating otherwise. Kaiser simply points to terminology that it contends is imprecise in a futile effort to reargue its contention that its offer was superior. The time for objecting to bid procedures, however, was when they were proposed, not when a winning bidder was being selected. The only legitimate purpose for the motion is to clarify the record for purposes of appellate review, and there will be no review in this case of the bid procedures or the selection of the winning bidder. Accordingly, the Motion should be denied.

## II.

## BACKGROUND

On June 11, 2014, the Debtors filed *Debtors' Motion For An Order: (1) Authorizing Debtors' Entry Into Binding Plan Term Sheet; (2) Establishing Auction Sale and Overbid Procedures; (3) Approving Interim Management Agreement For Winning Bidder At The Auction; (4) Approving Payment Of A Break-Up Fee And Expense Reimbursement In The Event Of A Successful Overbid; (5) Approving Releases; and (6) Granting Related Relief* [Dkt No. 364] (the "Term Sheet Motion"). The Term Sheet Motion sought, *inter alia*, approval of the Debtor's entry into the Term Sheet and of sale and overbid procedures ("Bid Procedures").

Kaiser and Covenant Care did not oppose the Term Sheet Motion. On July 18, 2014, the Court entered its order granting the Term Sheet Motion and approving the Bid Procedures (the

3

DOCS_LA:280943.2 73538/001

"Term Sheet Order").[2]  An auction hearing was set for July 28, 2014.

On July 23, 2014, Covenant Care filed an objection to the Debtors' rejection of its purported overbid [Dkt. No. 498][3] and Kaiser filed a supporting objection as "Joint Over Bidder" [Dkt. No. 500]. The Debtors and the Creditors' Committee filed responses on July 24, 2014 [Dkt. Nos. 516 and 517] and Rechnitz filed a response on July 25, 2014 [Dkt. No. 519], detailing the reasons why the Covenant Care/Kaiser offer was not a qualifying overbid under the Bid Procedures and should not be considered.

At the July 28, 2014 hearing, the Court found that no qualified overbid was submitted and declared Rechnitz or his designees (the "Stalking Horse Parties") to be the winning bidder. The Winning Bidder Order was entered on July 31, 2014 (the *Order Approving Stalking Horse Parties as Winning Bidders at Auction* [Dkt. No. 556]). In operative part, the Winning Bid Order provided:

> On July 18, 2014, the Court entered its order (Docket Number 487) (the "Term Sheet Order") approving the Motion and scheduling the Auction for July 28, 2014, at 10:00 a.m.
>
> The Court, having reviewed and considered the Term Sheet Order, all pleadings filed in connection with the Auction and the Term Sheet Order, the history of the case, the discussion on the record, and having found that no Qualified Overbid was submitted,
>
> **IT IS ORDERED** the Stalking Horse Parties are approved as the winning bidder at the Auction.

---

[2] *Order: (1) Authorizing Debtors' Entry into Binding Plan Term Sheet; (2) Establishing Auction Sale and Overbid Procedures; (3) Approving Interim Management Agreement for Winning Bidder at the Auction; (4) Approving Payment of a Break-Up Fee and Expense Reimbursement in the Event of a Successful Overbid; (5) Approving Releases; and (6) Granting Related Relief* [Dkt. No. 487].

[3] *Objection and Statement of Position of Covenant Care, LLC Regarding (A) Covenant Care's Overbid, Right to Overbid and Covenant Care's Right to Participate in Auction Sale; and (B) Proposed Order Approving, Without Overbidding, Stalking Horse Bid – Denying Estate at Least an Additional $8,000,00 in Cash as an Overbid; (C) Order: (1) Authorizing Debtor's Entry Into Binding Plan Term Sheet; (3) Establishing Auction Sale and Overbid Procedures; (3) Approving Interim Management Agreement for Winning Bidder at the Auction; (4) Approving Payment of a Break-Up Fee and Expense Reimbursement in the Event of a Successful Overbid; (5) Approving Releases; and (6) Granting Related Relief* [Dkt. No. 498].

4

DOCS_LA:280943.2 73538/001

## III.

## ARGUMENT

The Motion states that the Term Sheet Motion contains several alleged ambiguities (Motion at 5), and asserts that it "undoubtedly commenced a contested matter" that raised the following "critical factual issues":

> 1) whether Kaiser (in conjunction with Covenant Care) was a "Qualified Overbidder," thus necessitating that an "Auction" take place; (2) if an "Auction" occurred, what was sold by and through the "Auction" (assuming an "Auction" took place); (3) what the "Stalking Horse Parties" "won" by being the "winning bidder at the Auction" (again, assuming an "Auction" took place), and (4) if what rights were conferred upon the "Stalking Horse Parties" in the absence of an Auction given the ambiguous and contradictory representations made throughout various documents and pleadings, including the Term Sheet Motion."

Motion at 7. With apparent reference to the foregoing issues, Kaiser asks for an order "amending the Winning Bidder Order to include findings of fact and conclusions of law addressing the issues set forth herein…." *Id*. at 8. It argues that Rule 52(a) of the Federal Rules of Civil Procedure requires such findings and that motions to amend judgments under Rule 52(b) to add such findings are granted "to correct manifest errors of law or fact." *Id*. at 7.

The Motion fails for several reasons. First, three of the four issues on which Kaiser requests additional findings (Issues 2, 3 and 4) are not the subject of any determinations made in the Winning Bid Order. The Winning Bid Order identified the winning bidder, while Issues 2-4 are disguised objections or requests for clarification regarding terms in the Bid Procedures that were approved in the Term Sheet Order. But Kaiser and Covenant Care did not object to the Term Sheet Motion or appeal from the Term Sheet Order and thus the request for additional findings on these issues is moot.

Second, Rule 52(a)(3) does not require findings to be made on motions. While there is caselaw that motions involving disputed factual issues nonetheless require findings, *the only issue on which Kaiser requests findings that was actually the subject of the Winning Bid Order – whether its bid was a "Qualifying Overbid – did not involve disputed facts*. The basis of the Court's decision on

5

DOCS_LA:280943.2 73538/001

that issue was crystal clear and indisputable: Kaiser's bid was facially non-conforming under the Bid Procedures. The lengthy hearing indulged Kaiser's belated desire to attack the rationale for the Bid Procedures, but Kaiser had no motion for reconsideration before the Court to reconsider the Bid Procedures that required the Court to make any further determinations.

Third, findings do not need to be in writing nor do they need to be spelled out if the basis of the decision is clear from the record. "[I]t is not error to fail to make formal findings of fact or conclusions of law when the basis of the bankruptcy judge's decision is clear, and, thus, reviewable [citation omitted], or where there is no factual dispute [citation omitted]." *In re Holtkamp*, 669 F.2d 505, 510 (7th Cir. 1982) (citations omitted). The basis for the Court's determination that the Stalking Horse Parties were the winning bidder (and the implicit determination that Kaiser was not a "qualifying overbidder") is clear from the record. Kaiser does not demonstrate how the basis of the decision is *not* clear from the record, and its complaints about ambiguities are misplaced in a motion to amend the judgment. It complains that "the Winning Bidder Order lacks any findings of fact regarding, among other things, what the Stalking Horse Parties 'won' or 'purchased' at the 'Auction,'" when any such findings were beyond the scope of the order. And it complains that there are no findings on "the basis for the determination that no 'Qualified Overbids' had been submitted" but does not and cannot deny that the basis for the determination is obvious on the record. Motion at 6.

Fourth, there is no need for additional findings, because the issues are or will shortly become moot. The only legitimate purpose of Rule 52 is to facilitate appellate review by clarifying the record, but there will be no appeals in this matter. "Rule 52 is essentially designed to create a record upon which the appellate court may obtain the necessary understanding of the issues to be determined…. Rule 52(b) is not to be used to obtain a rehearing on the merits nor to relitigate old questions, [] and such a motion may not be used to raise arguments which could have been made in advance of the prior court's ruling." *MidWestOne Bank and Trust v. Commercial Federal Bank*, 331 B.R. 802, 813 (S.D. Iowa 2005) (citations omitted) (denying motion to amend the judgment where "the Court finds the motion to be a broad effort to reshape the findings of the Bankruptcy Court,

6

DOCS_LA:280943.2 73538/001

creating findings more favorable to MSB, rather than more accurate, for purposes of appellate review"). *See also Diocese of Winona v. Interstate Fire & Cas. Co*., 89 F.3d 1386, 1397 (8th Cir. 1996) ("Motions to amend a judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment.") (cited favorably in *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001)).

In this case, three of the four issues on which Kaiser requests additional findings specifically relate to the Bid Procedures that were approved in the Term Sheet Order, which was not opposed or appealed by Kaiser, and thus the request for additional findings is moot. The fourth issue – whether Kaiser's purported bid was a qualified overbid – is also essentially determined by the Bid Procedures, and so is effectively moot for the same reason. Regardless, even if all four issues related to determinations made in the Winning Bid Order, there will be no appeal and thus no reason to make additional findings, because Kaiser has no standing as an unsuccessful bidder to appeal the Winning Bid Order. Unsuccessful bidders are generally considered not to be "aggrieved" for standing purposes. *See G-K Development Co. v. Broadmoor Place Investments, L.P. (In re Broadmoor Place Investments, L.P.)*, 994 F.2d 744, 746 n. 2 (10th Cir.1993), cert. denied, 510 U.S. 1071, 114 S.Ct. 877, 127 L.Ed.2d 73 (1994); *In re Colony Hill Assoc*., 111 F.3d 269, 273 (2d Cir. 1997).

In sum, "a failure to make findings cannot be prejudicial where … the party raising the objection is not entitled to prevail." *In re Holtkamp*, 669 F.2d at 510. Kaiser's objection to the sale was spurious and it cannot appeal. Thus there would be no need to make additional findings at Kaiser's request even if such findings were otherwise warranted (which they are not).

DOCS_LA:280943.2 73538/001

**IV.**

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, Rechnitz respectfully requests that the Court deny the Motion.

Dated:  August 28, 2014                                PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Robert B. Orgel*
    Richard M. Pachulski
    Robert B. Orgel

    Counsel for Shlomo Rechnitz

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_LA:280943.2 73538/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF SHLOMO RECHNITZ TO (1) KAISER FOUNDATION HOSPITALS' MOTION PURSUANT TO RULE 7052 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUESTING AMENDMENT OF THE COURT'S ORDER APPROVING STALKING HORSE AS WINNING BIDDERS AT AUCTION TO INCLUDE FINDINGS OF FACT AND CONCLUSIONS OF LAW; AND (2) COVENANT CARE, LLC'S JOINDER TO KAISER FOUNDATION HOSPITALS' MOTION; REQUEST FOR HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 28, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 28, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By Personal Delivery
Hon. Catherine E. Bauer
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 28, 2014 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Mailing Information for Case 8:14-bk-11335-CB

- *Michael A Abramson    maa@abramsonlawgroup.com*
- *Russell S Balisok    balisok@stopelderabuse.org*
- *Robert D Bass    rbass@greenbass.com*
- *Ron Bender    rb@lnbyb.com*
- *Richard S Berger    rberger@lgbfirm.com, marizaga@lgbfirm.com;ncereseto@lgbfirm.com;msutton@lgbfirm.com*
- *Manuel A Boigues    bankruptcycourtnotices@unioncounsel.net*
- *Matthew Borden    borden@braunhagey.com, fair@braunhagey.com*
- *Michael J Bujold    Michael.J.Bujold@usdoj.gov*
- *Steven Casselberry    scasselberry@mrllp.com, jjacobs@mrllp.com*
- *Cheryl S Chang    Chang@Blankrome.com, Lalocke@Blankrome.com;RMerten@Blankrome.com*
- *Baruch C Cohen    bcc4929@gmail.com, pjstarr@starrparalegals.com*
- *Michael T Delaney    mdelaney@bakerlaw.com, sgaeta@bakerlaw.com*
- *Marianne M Dickson    MDickson@seyfarth.com, shobrien@seyfarth.com*
- *Caroline Djang    cdjang@rutan.com*
- *Joseph A Eisenberg    jae@jmbm.com, vr@jmbm.com;tgeher@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com*
- *Andy J Epstein    taxcpaesq@gmail.com*
- *Fahim Farivar    lawyercpa@gmail.com*
- *William L Foreman    wforeman@oca-law.com, laiken@oca-law.com*
- *Eric J Fromme    ejf@jmbm.com, lo2@jmbm.com*
- *Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com*
- *Fredric Glass    fglass@fairharborcapital.com*
- *Christina Goebelsmann    cgoebelsmann@wargofrench.com*
- *Matthew A Gold    courts@argopartners.net*
- *Nancy S Goldenberg    nancy.goldenberg@usdoj.gov*
- *D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com*
- *Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com*
- *Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com*
- *David I Katzen    katzen@ksfirm.com, schuricht@ksfirm.com*
- *Gerald P Kennedy    gerald.kennedy@procopio.com, kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com*
- *Monica Y Kim    myk@lnbrb.com*
- *K Kenneth Kotler    kotler@kenkotler.com, zoe@kenkotler.com*
- *Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com*
- *Mary D Lane    mal@msk.com, mec@msk.com*
- *Leib M Lerner    leib.lerner@alston.com*
- *Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov*
- *Howard S Levine    howard@cypressllp.com, jennifer@cypressllp.com*
- *Elizabeth A Lossing    elizabeth.lossing@usdoj.gov*
- *Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com*
- *Ashley M McDow    amcdow@bakerlaw.com, mdelaney@bakerlaw.com;sgaeta@bakerlaw.com*
- *Krikor J Meshefejian    kjm@lnbrb.com*
- *Kenneth Miller    kmiller@ecjlaw.com, kanthony@ecjlaw.com*
- *Benjamin Nachimson    ben.nachimson@wgfllp.com*
- *Tara L Newman    tara.newman@doj.ca.gov*
- *Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com*
- *Christopher E Prince    cprince@lesnickprince.com*
- *Hanna B Raanan    hraanan@marlinsaltzman.com, jhawkes@marlinsaltzman.com;sshepard@marlinsaltzman.com;irvinefileclerk@marlinsaltzman.com*
- *Hamid R Rafatjoo    hrafatjoo@venable.com, kfox2@venable.com;bclark@venable.com*
- *Kurt Ramlo    kr@lnbyb.com*
- *Brett Ramsaur    bramsaur@swlaw.com, kcollins@swlaw.com*
- *Paul R Shankman    pshankman@jhindslaw.com*
- *Lindsey L Smith    lls@lnbyb.com*
- *Adam D Stein-Sapir    info@pfllc.com*
- *Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com*
- *Kelly Sweeney    ksweeney@spiwakandiezza.com*
- *United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov*
- *Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com*
- *Joshua D Wayser    joshua.wayser@kattenlaw.com, jessica.mickelsen@kattenlaw.com;kim.johnson@kattenlaw.com,ecf.lax.docket@kattenlaw.com,adelle.shafer@kattenlaw.com*
- *Andrew F Whatnall    awhatnall@daca4.com*
- *Elisa B Wolfe-Donato    Elisa.Wolfe@doj.ca.gov*
- *Jennifer C Wong    bknotice@mccarthyholthus.com*
- *David Wood    dwood@marshackhays.com, ecfmarshackhays@gmail.com*
- *Benyahou Yeroushalmi    ben@yeroushalmilaw.com*
- *Kristin A Zilberstein    bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com*