RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; kjm@lnbyb.com; lls@lnbyb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (SANTA ANA DIVISION)

| | |
|---|---|
| In re: | ) Lead Case No.: 8:14-bk-11335-CB |
| | ) |
| Plaza Healthcare Center LLC, | ) Jointly administered with: |
| | ) Case No. 8:14-bk-11337-CB |
| Debtor and Debtor in Possession. | ) Case No. 8:14-bk-11358-CB |
| _____ | ) Case No. 8:14-bk-11359-CB |
| ☒ Affects All Debtors | ) Case No. 8:14-bk-11360-CB |
| | ) Case No. 8:14-bk-11361-CB |
| ☐ Affects Belmont Heights Healthcare Center LLC | ) Case No. 8:14-bk-11362-CB |
| | ) Case No. 8:14-bk-11363-CB |
| ☐ Affects Claremont Healthcare Center Inc. | ) Case No. 8:14-bk-11364-CB |
| ☐ Affects Country Villa East LP | ) Case No. 8:14-bk-11365-CB |
| ☐ Affects Country Villa Imperial LLC | ) Case No. 8:14-bk-11366-CB |
| ☐ Affects Country Villa Nursing Center Inc. | ) Case No. 8:14-bk-11367-CB |
| ☐ Affects Country Villa Southbay LLC | ) Case No. 8:14-bk-11368-CB |
| ☐ Affects East Healthcare Center LLC | ) Case No. 8:14-bk-11370-CB |
| ☐ Affects Los Feliz Healthcare Center LLC | ) Case No. 8:14-bk-11371-CB |
| ☐ Affects Mountainside Operating Company LLC | ) Case No. 8:14-bk-11372-CB |
| | ) Case No. 8:14-bk-11373-CB |
| ☐ Affects North Healthcare Center LLC | ) Case No. 8:14-bk-11375-CB |
| ☐ Affects North Point Health & Wellness Center LLC | ) Case No. 8:14-bk-11376-CB |
| | ) Chapter 11 Cases |
| ☐ Affects Plaza Convalescent Center LP | ) |
| ☐ Affects Plaza Healthcare Center LLC | ) **NOTICE OF MOTION AND MOTION** |
| ☐ Affects RRT Enterprises LP | ) **FOR ENTRY OF ORDER PURSUANT** |
| ☐ Affects Sheraton  Healthcare Center LLC | ) **TO RULE 9019 OF THE FEDERAL** |
| ☐ Affects South Healthcare Center LLC | ) **RULES   OF   BANKRUPTCY** |
| ☐ Affects Westwood Healthcare Center LLC | ) **PROCEDURE           APPROVING** |
| ☐ Affects Westwood Healthcare Center LP | ) **STIPULATION  RESOLVING  CLAIM** |
| ☐ Affects Wilshire Healthcare Center LLC | ) **NOS. 53 AND 117 FILED BY GRAND** |
| | ) **VALLEY  HEALTH  CARE  CENTER,** |
| Debtors and Debtors in Possession. | ) **LLC;  DECLARATION  OF  MARK** |
| | ) **BECKEL IN SUPPORT THEREOF** |
| _____ | ) |

1

) Date:     July 29, 2015
) Time:     10:00 a.m.
) Place:    Courtroom "5D"
)          411 West Fourth Street
)          Santa Ana, CA 92701

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that on July 29, 2015, at 10:00 a.m., in Courtroom 5D located at 411 West Fourth Street, Santa Ana, California 92701, the Court will hold a hearing to consider the motion (the "Motion") filed by Plaza Healthcare Center LLC, along with all of the other eighteen jointly administered, affiliated entities, the chapter 11 debtors and debtors in possession in the above-captioned, jointly-administered chapter 11 bankruptcy cases (collectively, the "Debtors"), for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving that certain *Stipulation Resolving Claims Filed by Grand Valley Health Care Center, LLC* (the "Stipulation") entered into by and between the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and Grand Valley Health Care Center, LLC ("Grand Valley").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice, the Memorandum of Points and Authorities and the Declaration of Mark Beckel that are attached hereto, the record in these cases, all other matters of which this Court may take judicial notice pursuant to rule 201 of the Federal Rules of Evidence, and such other arguments or evidence as may be presented at any hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to rule 9013-1(f), any opposition to the Motion must be made in writing and must be (a) filed with the Clerk of the Court at 411 West Fourth Street, Santa Ana, CA 92701; (b) served upon counsel for the Debtors as follows: Attn: Ron Bender, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067, fax: (310) 229-1244, e-mail: rb@lnbyb.com; (c) served upon counsel for the Committee as follows: Attn: Hamid R. Rafatjoo, Venable LLP, 2049

Century Park East, Suite 2100, Los Angeles, CA 90067, fax: (310) 229-9901, e-mail: hrafatjoo@venable.com; (d) served upon counsel for Grand Valley as follows:  Attn:  Joesph A. Eisenberg, Jeffer Mangels Butler & Mitchell LLP, 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067, fax:  (310) 203-0567, e-mail: jae@JMBM.com; (e) served upon the Office of the United States Trustee as follows:  Office of the United States Trustee, Attn: Elizabeth A. Lossing, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701, fax: (714) 338-3409, email: Elizabeth.lossing@usdoj.gov; and (f) delivered as a courtesy copy to the Chambers of the Honorable Catherine E. Bauer, United States Bankruptcy Court, 411 West Fourth Street, Suite 5165, Santa Ana, CA 92701-4593 not later than 14 days before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely response to the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated:  July 8, 2015                              PLAZA HEALTHCARE CENTER LLC, ET AL.


By:   _/s/ Ron Bender_____
                Ron Bender
                Monica Y. Kim
                Krikor J. Meshefejian
                Lindsey L. Smith
                Levene, Neale, Bender, Yoo & Brill L.L.P.
                Attorneys for Chapter 11 Debtors
                and Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaza Healthcare Center LLC, along with all of the other eighteen jointly administered affiliated entities, the chapter 11 debtors and debtors in possession in the above-captioned, jointly-administered chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby moves this Court (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving that certain *Stipulation Resolving Claims Filed by Grand Valley Health Care Center, LLC* (the "Stipulation") entered into by and between the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and Grand Valley Health Care Center, LLC ("Grand Valley").   A true and correct copy of the Stipulation is attached to the Declaration of Mark Beckel (the "Beckel Declaration") as **Exhibit "1"** and is incorporated herein by reference.

## I.

## GENERAL BACKGROUND

### A.    Debtors.

1.    Pacific Healthcare Center LLC (Case No. 8:14-bk-11335-CB) and Plaza Convalescent Center LP (Case No. 8:14-bk-11337-CB) each filed a voluntary petition under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on March 4, 2014.  Thereafter, on March 5, 2014 (together with March 4, 2014 (the "Petition Dates")), the other seventeen affiliated entities each filed voluntary chapter 11 petitions under chapter 11 of the Bankruptcy Code.  All nineteen debtors are collectively referred to as the "Debtors".

### B.    Joint Administration.

2.    On March 11, 2014, the Bankruptcy Court entered an order authorizing the joint administration of these cases [Docket No. 46].

### C.    Appointment of Committee

3.    On March 20, 2014, the Office of the United States Trustee filed a *Notice of Appointment of Committee of Creditors Holding Unsecured Claims in the Jointly Administered*

*Cases* [Docket No. 94] (the "Committee").  On March 25, 2014, the Committee retained Venable LLP to act as its counsel subject to the approval of this Court.

**D.      Sale**

4.      The Debtors were engaged in the business of owning and operating skilled nursing facilities in Southern California.  Collectively, the Debtors owned and operated 18 skilled nursing and one assisted living facility (collectively, the "Facilities").  On October 31, 2014, the Debtors closed the sale of their Facilities.

5.      In connection with the sale, the Debtors and the purchaser of the Facilities agreed that $9.63 million of the purchase price would be deposited into a segregated trust account (the "QA Fees Deposit") as an estimate to pay for the Debtors' outstanding pre-petition Quality Assurance Fees owing to the State of California (the "QA Fees").

6.      In addition, the Bankruptcy Court has authorized the Debtors to pay out of the sale proceeds 60% of the amount of all allowed general unsecured claims as computed by the Debtors on a consolidated basis (the "Debtors' Claim Amount") provided that acceptance by the creditor of this payment of 60% of the Debtors' Claim Amount will result in the creditor agreeing or being deemed to agree that the only remaining pre-petition claim of the creditor will be (i) a non-priority, general unsecured claim in the amount of the remaining 40% of the Debtors' Claim Amount, (ii) any Section 503(b)(9) administrative priority claim held by the creditor which had not yet been paid; (iii) any damage claim held by the creditor resulting from the Debtors' rejection of an executory contract to which the creditor is a party, and (iv) any post-petition interest that the creditor may be entitled to on the Debtors' Claim Amount if these estates ultimately prove to be solvent, surplus estates.

7.      Prior to their chapter 11 bankruptcy filings, the Debtors sold one of their facilities to Grand Valley (the "Grand Valley Facility").

**E.      Grand Valley Proofs of Claims.**

8.      Grand Valley filed the following claim(s) against one or more of the Debtors (the "Grand Valley Filed Claims"):

- Claim No. 53 filed against Debtor Country Villa Southbay LLC asserting a general unsecured claim in the amount of $76,433.09 plus attorneys' fees and costs. Claim No. 53 was filed by Grand Valley as a result of deductions made by the U.S. Department of Health and Human Services on behalf of the Centers for Medicare and Medicaid Services against Medicare payments owing to Grand Valley on account of Medicare overpayments made to the Debtors relating to the Grand Valley Facility for a period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

- Claim No. 117 filed against Debtor Country Villa Southbay LLC asserting a priority claim on behalf of State of California – Department of Health Care Services in the amount of $266,522.54. Claim No. 117 was filed by Grand Valley as a result of deductions made by the State of California against payments owing to Grand Valley on account of unpaid Quality Assurance Fees relating to the Grand Valley Facility during the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

**F.      Objection to California Department of Health Care Services Proof of Claim**

9.      On February 6, 2015, Grand Valley filed a *Limited Objection and Notice of Hearing on Limited Objection of Grand Valley Health Care Center, LLC to Proof of Claim of California Dept. of Health Care Services (Claim No. 115-1)* [Docket no. 1220] ("Claim Objection"). Through the hearing on the Claim Objection, it was established that the outstanding Quality Assurance Fees relating to the Grand Valley Facility covering the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley (the "Grand Valley QA Fees") were not included in the $9,451,579.52 Proof of Claim filed by Department of Health Care Services ("DHCS") in the Debtors' bankruptcy cases on August 28, 2014 as Claim Number 115-1. DHCS has stated that it will not seek payment on account of the Grand Valley QA Fees from the Debtors and will look solely to Grand Valley for recovery of such outstanding Grand Valley QA Fees.

10.     The Debtors, the Committee and Grand Valley have engaged in substantive settlement discussions concerning the Grand Valley Filed Claims.  Those settlement discussions resulted in the agreement of the parties to enter into the Stipulation, subject to Bankruptcy Court approval.  The Stipulation resolves all matters relating to the Grand Valley Filed Claims.

11.     The Stipulation provides that Grand Valley's Claim No. 53 shall be deemed to constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the amount of $76,433.09 and Grand Valley's Claim No. 117 shall be deemed to constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the amount of $266,522.54 (for a total of $342,955.63); provided, however, that the creditor receiving payment on account of Claim No. 117 shall be Grand Valley in lieu of the DHCS.

12.     In addition, in light of the DHCS's position that its claim does not include the Grand Valley QA Fees and that its claim for QA Fees against the Debtors is the $9,451,579.52 Proof of Claim filed on August 28, 2014 as Claim Number 115-1, the Debtors request that the Court authorize the Debtors to reduce the amount held in the QA Fees Deposit to $9,451,579.52 and authorize the release of the balance held in the QA Fees Deposit (i.e., $178,420.48) to the Debtors' general operating account.

## II.

## LEGAL STANDARD FOR APPROVING THE STIPULATION

The Stipulation is fair, equitable, reasonable, and in the best interest of the Debtors and their bankruptcy estates.  Accordingly, this Court should approve the Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code. Rule 9019(a) of the Federal Rules of Bankruptcy provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." F.R.B.P. 9019(a). Courts traditionally favor compromises to minimize the effects and costs of litigation and expedite administration of the debtor's estate. See Martin v. Kane (In re AC Props.), 784 F.2d 1377, 1381 (9th Cir. 1986) ("A&C Props.") ("The law favors compromise and not litigation for its own sake. . . ") (citation omitted); Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate,

1  '[c]ompromises are favored in bankruptcy.'" (quoting 9 Collier on Bankruptcy ¶ 9019.03[1]

2  (Lawrence P. King ed., 15th ed. 1993).)

3      A bankruptcy court should approve the compromise and settlement if it was negotiated in

4  good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate. See,

5  e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S.

6  414, 424 (1968); In re Gibson, BAP No. CC–11–1028–MkKiD, Bk. No. RS 10–21907–DS, 2011

7  WL 4502044, *4 (9th Cir. B.A.P. Aug. 3, 2011); In re Pacific Gas and Elec. Co., 304 B.R. 395,

8  417 (Bankr. N.D. Cal. 2004) ("[T]his court need only find that the settlement was negotiated in

9  good faith and is reasonable, fair and equitable") (citation omitted); In re Guy F. Atkinson Co. of

10 Cal., 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on

11 the question of whether the compromise is in the best interest of the estate. The trustee and debtor

12 in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in

13 the best position to negotiate settlements that will best serve the interests of all creditors").

14      If the Stipulation is in the best interest of the estate, any disadvantage to third parties should

15 not weigh in the court's decision to authorize the Debtors to enter into it, absent a violation of the

16 third parties' legal rights. Id. The debtor in possession carries the burden of persuading the Court

17 that the Stipulation should be approved. See In re Gibson, 2011 WL 4502044, at *4 (citation

18 omitted); 11 U.S.C. § 1107. While "the creditors' objections to a compromise must be afforded due

19 deference, such objections are not controlling, and while the court must preserve the rights of the

20 creditors, it must also weigh certain factors to determine whether the compromise is in the best

21 interest of the bankrupt estate." A & C Props., 784 F.2d at 1382 (citations omitted).

22      In the Ninth Circuit, "the bankruptcy court must examine the following factors: (a) the

23 probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of

24 collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay

25 necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to

26 their reasonable views in the premises." Id. at 1381 (citation omitted); see also Protective

27 Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414,

28 424-245 (1968) ("TMT Trailer").

Consideration of these factors requires that the Bankruptcy Court make an objective, informed comparison of the results of litigation versus the benefits of compromise. See TMT Trailer, 390 U.S. at 424 (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). The bankruptcy court, however, may consider the opinions of the debtor in possession and its counsel that the settlement is fair and reasonable. Id.; see also Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC), 401 B.R. 87, 92 (Bankr. E.D.N.Y. 2009). Furthermore, "[i]t is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." In re Pacific Gas and Elec. Co., 304 B.R. at 417 (citing In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). Participation by sophisticated parties and counsel and arm's-length bargaining also weigh in favor of approving a settlement. See Air Line Pilots Ass'n, Int'l v. Nat'l Bank & Trust of Chicago (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); In re Best Prods. Co., 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (approving a settlement where the court found that a trial on the matter would have presented complex, lengthy and very costly litigation, the debtor's success at trial was not very likely, only a small number of parties objected to the settlement and the settlement was truly the product of arm's-length bargaining).

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness," though judges exercise a limited role in this approval. United States v. Alaska Nat'l Bank (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982); In re Pacific Gas and Elec. Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004) ("This court's role in approving any settlement under Rule 9019 is limited."); In re Gibson, 2011 WL 4502044, at *4 (discretion is broad because the Court "is uniquely situated to consider the equities and reasonableness [of it] . . . ." (citing United States v. Alaska Nat'l Bank (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982)); In re Kashani, 53 F.3d 338, 338 (9th Cir. 1995) (citations omitted) ("A bankruptcy court has wide latitude in approving compromise agreements which it determines to be fair, reasonable and adequate"). In considering the approval of a proposed settlement under Bankruptcy Rule 9019, the court is not required to conduct a mini-trial or rule on multiple questions of law or fact;

instead, the court should analyze whether the proposed settlement falls below the lowest point in the range of reasonableness. See In re Pacific Gas and Elec. Co., 304 B.R. at 417 ("[T]he court's proper role is to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness.") (internal quotation marks and citation omitted).

Finally, Section 105 of the Bankruptcy Code empowers a bankruptcy court to fashion orders as necessary to effectuate the provisions and purposes of the Bankruptcy Code. See also Miller v. Generale Bank Nederland, N.V. (In re Interpictures Inc.), 2000 U.S. App. LEXIS 1848, at *5 (2d Cir. Feb. 3, 2000) ("The bankruptcy court sits in equity and is empowered to invoke equitable principles to achieve fairness and justice."); In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986). Through the Stipulation, the Debtors believe that a fair and equitable resolution of the various disputes has been reached that will benefit the Debtors' estates, consistent with the provisions and purposes of the Bankruptcy Code. The Committee agrees with the Debtors' conclusion as evidenced by the fact that the Committee is a party to the Stipulation, and the Committee played an integral role in the negotiation and drafting of the Stipulation.

### III.

### THE COMPROMISE SHOULD BE APPROVED

**A.     The Creditors Have Received Sufficient Notice of the Settlement Agreement**

Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a settlement agreement following notice and a hearing. Here, notice of this Motion, which summarizes the relief sought, was served upon all parties required to be served under all applicable rules and statutes in conjunction with that certain *Order Granting Debtors' Motion For Entry Of An Order Limiting Notice*, which was entered on April 25, 2014 (and appears as Docket Number 215) in these cases. Thus, proper notice of this Motion and the relief sought herein has been provided.

**B.     Case Law Supports Approval Of The Proposed Settlement.**

It is well-established that, as a matter of public policy, settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair,

538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981). Among the factors to be considered in determining whether a settlement is fair, equitable, and reasonable are the following:

> (a)    the probability of success in the litigation;

> (b)    any impediments to collection;

> (c)    the complexity, expense, inconvenience and delay of litigation; and

> (d)    the interest of creditors with deference to their reasonable opinions.

See A & C Properties, 784 F.2d at 1381.

From an analysis of the foregoing factors to the facts of these cases, the Court should conclude that the terms of the Stipulation are fair and equitable, and well within the range of reasonableness.

The Debtors did not dispute the obligation to make a distribution on account of the Grand Valley Filed Claims.   The Debtors simply sought clarification to determine whether the distributions should be paid to Grand Valley or to DHCS.   In light of DHCS's position in its opposition to the Claim Objection filed by Grand Valley, the Debtors believe that the Stipulation is in the best interest of these estates.

///

///

///

**IV.**

**CONCLUSION**

For the reasons set forth herein, the Debtors respectfully request that the Court enter an order: (a) granting the Motion, (b) authorizing and approving the Stipulation and the terms thereof, (c) authorizing the Debtors' to reduce the amount of the QA Fees Deposit to $9,451,579.52; and (d) granting such other and further relief as the Court may deem just and proper.

Dated:  July 8, 2015                    PLAZA HEALTHCARE CENTER LLC, ET AL.


                                        By:___*/s/ Ron Bender*_____
                                            Ron Bender
                                            Monica Y. Kim
                                            Krikor J. Meshefejian
                                            Lindsey L. Smith
                                            Levene, Neale, Bender, Yoo & Brill L.L.P.
                                            Attorneys for Chapter 11 Debtors
                                            and Debtors in Possession

### <u>DECLARATION OF MARK BECKEL</u>

1.      I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.   Capitalized terms not otherwise defined have the same meaning ascribed to such terms as in the motion to which this declaration is annexed.

2.      I make this declaration in support of the motion (the "<u>Motion</u>") for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving that certain *Stipulation Resolving Claim Nos. 53 and 117 filed by Grand Valley Health Care Center, LLC* (the "<u>Stipulation</u>") entered into by and between the Debtors, the Committee and Grand Valley Health Care Center, LLC ("<u>Grand Valley</u>").   A true and correct copy of the Stipulation is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

3.      I am the General Counsel for the Debtors.   I am licensed to practice law in the State of California.   In my capacity as General Counsel for the Debtors, I handle and have knowledge of all litigation matters to which the Debtors are parties or are involved.

4.      Pacific Healthcare Center LLC (Case No. 8:14-bk-11335-CB) and Plaza Convalescent Center LP (Case No. 8:14-bk-11337-CB) each filed a voluntary petition under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") on March 4, 2014.   Thereafter, on March 5, 2014 (together with March 4, 2014 (the "<u>Petition Dates</u>"), seventeen affiliated entities each filed voluntary chapter 11 petitions under chapter 11 of the Bankruptcy Code.   All nineteen debtors are collectively referred to as the "<u>Debtors</u>".

5.      On March 11, 2014, the Bankruptcy Court entered an order authorizing the joint administration of these cases [Docket No. 46].

6.      On March 20, 2014, the Office of the United States Trustee filed a *Notice of Appointment of Committee of Creditors Holding Unsecured Claims in the Jointly Administered Cases* [Docket No. 94] (the "Committee").   On March 25, 2014, the Committee retained Venable LLP to act as its counsel subject to the approval of this Court.

7.      The Debtors were engaged in the business of owning and operating skilled nursing

facilities in Southern California.  Collectively, the Debtors owned and operated 18 skilled nursing and one assisted living facility (collectively, the "Facilities").  On October 31, 2014, the Debtors closed the sale of their Facilities.

8.    In connection with the sale, the Debtors and the purchaser of the Facilities agreed that $9.63 million of the purchase price would be deposited into a segregated trust account (the "QA Fees Deposit") as an estimate to pay for the Debtors' outstanding pre-petition Quality Assurance Fees owing to the State of California (the "QA Fees").

9.    In addition, the Bankruptcy Court has authorized the Debtors to pay out of the sale proceeds 60% of the amount of all allowed general unsecured claims as computed by the Debtors on a consolidated basis (the "Debtors' Claim Amount") provided that acceptance by the creditor of this payment of 60% of the Debtors' Claim Amount will result in the creditor agreeing or being deemed to agree that the only remaining pre-petition claim of the creditor will be (i) a non-priority, general unsecured claim in the amount of the remaining 40% of the Debtors' Claim Amount, (ii) any Section 503(b)(9) administrative priority claim held by the creditor which had not yet been paid; (iii) any damage claim held by the creditor resulting from the Debtors' rejection of an executory contract to which the creditor is a party, and (iv) any post-petition interest that the creditor may be entitled to on the Debtors' Claim Amount if these estates ultimately prove to be solvent, surplus estates.

10.    Prior to their chapter 11 bankruptcy filings, the Debtors sold one of their facilities to Grand Valley (the "Grand Valley Facility").

11.    Grand Valley filed the following claim(s) against one or more of the Debtors (the "Grand Valley Filed Claims"):

- Claim No. 53 filed against Debtor Country Villa Southbay LLC asserting a general unsecured claim in the amount of $76,433.09 plus attorneys' fees and costs.  Claim No. 53 was filed by Grand Valley as a result of deductions made by the U.S. Department of Health and Human Services on behalf of the Centers for Medicare and Medicaid Services against Medicare payments owing to Grand Valley on account of Medicare overpayments made to the Debtors relating to the Grand

Valley Facility for a period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

- Claim No. 117 filed against Debtor Country Villa Southbay LLC asserting a priority claim on behalf of State of California – Department of Health Care Services in the amount of $266,522.54.  Claim No. 117 was filed by Grand Valley as a result of deductions made by the State of California against payments owing to Grand Valley on account of unpaid Quality Assurance Fees relating to the Grand Valley Facility during the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

12.    On February 6, 2015, Grand Valley filed a *Limited Objection and Notice of Hearing on Limited Objection of Grand Valley Health Care Center, LLC to Proof of Claim of California Dept. of Health Care Services (Claim No. 115-1)* [Docket no. 1220] ("Claim Objection").  Through the hearing on the Claim Objection, it was established that the outstanding Quality Assurance Fees relating to the Grand Valley Facility covering the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley (the "Grand Valley QA Fees") were not included in the $9,451,579.52 Proof of Claim filed by Department of Health Care Services ("DHCS") in the Debtors' bankruptcy cases on August 28, 2014 as Claim Number 115-1.  DHCS has stated that it will not seek payment on account of the Grand Valley QA Fees from the Debtors and will look solely to Grand Valley for recovery of such outstanding Grand Valley QA Fees.

13.    The Debtors, the Committee and Grand Valley have engaged in substantive settlement discussions concerning the Grand Valley Filed Claims.  Those settlement discussions resulted in the agreement of the parties to enter into the Stipulation, subject to Bankruptcy Court approval.  The Stipulation resolves all matters relating to the Grand Valley Filed Claims.

14.    The Stipulation provides that Grand Valley's Claim No. 53 shall be deemed to constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the amount of $76,433.09 and Grand Valley's Claim No. 117 shall be deemed to constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the amount of

$266,522.54 (for a total of $342,955.63); provided, however, that the creditor receiving payment on account of Claim No. 117 shall be Grand Valley in lieu of the DHCS.

15.    In addition, in light of the DHCS's position that its claim does not include the Grand Valley QA Fees and that its claim for QA Fees against the Debtors is the $9,451,579.52 Proof of Claim filed on August 28, 2014 as Claim Number 115-1, the Debtors request that the Court authorize the Debtors to reduce the amount held in the QA Fees Deposit to $9,451,579.52 and authorize the release of the balance held in the QA Fees Deposit (i.e., $178,420.48) to the Debtors' general operating account.

16.    I submit that having considered the Debtors' various options, I believe that the Stipulation is in the best interest of the Debtors' estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of July, 2015, at Anaheim, California.

Mark Beckel

# EXHIBIT "1"

HAMID R. RAFATJOO (SBN 181584)
hrafatjoo@venable.com
KEITH C. OWENS (SBN 184841)
kowens@venable.com
JENNIFER L. NASSIRI (SBN 209796)
jnassiri@venable.com
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys the Official Committee
of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 8:14-bk-11335-CB |
| PLAZA HEALTHCARE CENTER, LLC, et al. | Chapter 11 |
| Debtor and Debtor in Possession. | Jointly Administered with:<br>Case No. 8:14-bk-11337-CB |
| ☒ Affects All Debtors | Case No. 8:14-bk-11358-CB |
| ☐ Affects Belmont Heights Healthcare Center LLC | Case No. 8:14-bk-11359-CB |
| ☐ Affects Claremont Healthcare Center Inc. | Case No. 8:14-bk-11360-CB |
| ☐ Affects Country Villa East LP | Case No. 8:14-bk-11361-CB |
| ☐ Affects Country Villa Imperial LLC | Case No. 8:14-bk-11362-CB |
| ☐ Affects Country Villa Nursing Center Inc. | Case No. 8:14-bk-11363-CB |
| ☐ Affects Country Villa Southbay LLC | Case No. 8:14-bk-11364-CB |
| ☐ Affects East Healthcare Center LLC | Case No. 8:14-bk-11365-CB |
| ☐ Affects Los Feliz Healthcare Center LLC | Case No. 8:14-bk-11366-CB |
| ☐ Affects Mountainside Operating Company LLC | Case No. 8:14-bk-11367-CB |
| ☐ Affects North Healthcare Center LLC | Case No. 8:14-bk-11368-CB |
| ☐ Affects North Point Health & Wellness Center LLC | Case No. 8:14-bk-11370-CB |
| ☐ Affects Plaza Convalescent Center LP | Case No. 8:14-bk-11371-CB |
| ☐ Affects Plaza Healthcare Center LLC | Case No. 8:14-bk-11372-CB |
| ☐ Affects RRT Enterprises LP | Case No. 8:14-bk-11373-CB |
| ☐ Affects Sheraton Healthcare Center LLC | Case No. 8:14-bk-11375-CB |
| ☐ Affects South Healthcare Center LLC | Case No. 8:14-bk-11376-CB |
| ☐ Affects Westwood Healthcare Center LLC | |
| ☐ Affects Westwood Healthcare Center LP | **STIPULATION RESOLVING CLAIMS** |
| ☐ Affects Wilshire Healthcare Center LLC | **FILED BY GRAND VALLEY HEALTH**<br>**CARE CENTER, LLC** |
| Debtors and Debtors in Possession. | [No Hearing Required] |
| | The Honorable Catherine E. Bauer |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9863741-v2

This Stipulation is hereby entered into by and between the above-referenced Chapter 11 Debtors and Debtors-in-Possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), and Grand Valley Health Care Center, LLC ("Grand Valley"), by and through their counsel of record with respect to the following:

A.    The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on March 4 and March 5, 2014.

B.    The Debtors were previously engaged in the business of owning and operating skilled nursing facilities in Southern California.

C.    Prior to their chapter 11 bankruptcy filings, the Debtors sold one of their facilities to Grand Valley (the "Grand Valley Facility").

D.    Grand Valley filed the following claim(s) against one or more of the Debtors ("Grand Valley's Filed Claims"):

- Claim No. 53 filed against Debtor Country Villa Southbay LLC asserting a general unsecured claim in the amount of $76,433.09 plus attorneys' fees and costs.  Claim N. 53 was filed by Grand Valley as a result of deductions made by the U.S. Department of Health and Human Services on behalf of the Centers for Medicare and Medicaid Services against Medicare payments owing to Grand Valley on account of Medicare overpayments made to the Debtors relating to the Grand Valley Facility for a period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

- Claim No. 117 filed against Debtor Country Villa Southbay LLC asserting a priority claim on behalf of State of California – Department of Health Care Services in the amount of $266,522.54.  Claim No. 117 was filed by Grand Valley as a result of deductions made by the State of California against payments owing to Grand Valley on account of unpaid Quality Assurance Fees relating to the Grand Valley Facility during the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley.

E.    On February 6, 2015, Grand Valley filed a *Limited Objection and Notice of*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

9863741-v2

*Hearing on Limited Objection of Grand Valley Health Care Center, LLC to Proof of Claim of California Dept. of Health Care Services (Claim No. 115-1)* [Docket no. 1220] ("Claim Objection").  Through the hearing on the Claim Objection, it was established that the outstanding Quality Assurance Fees relating to the Grand Valley Facility covering the period of time which preceded the date of the closing of the sale of the Grand Valley Facility to Grand Valley (the "Grand Valley QA Fees") were not included in the $9,451,579.52 Proof of Claim filed by Department of Health Care Services ("DHCS") in the Debtors' bankruptcy cases on August 28, 2014 as Claim Number 115-1.  DHCS has stated that it will not seek payment on account of the Grand Valley QA Fees from the Debtors and will look solely to Grand Valley for recovery of such outstanding Grand Valley QA Fees.

F.    The Debtors have consummated a sale of substantially all of their assets, which sale closed on October 31, 2014.

G.    The Bankruptcy Court has authorized the Debtors to pay out of the sale proceeds 60% of the amount of all allowed unsecured claims as computed by the Debtors on a consolidated basis (the "Debtors' Claim Amount") provided that acceptance by the creditor of this payment of 60% of the Debtors' Claim Amount will result in the creditor agreeing or being deemed to agree that the only remaining pre-petition claim of the creditor will be (i) a non-priority, general unsecured claim in the amount of the remaining 40% of the Debtors' Claim Amount, (ii) any Section 503(b)(9) administrative priority claim held by the creditor which had not yet been paid; (iii) any damage claim held by the creditor resulting from the Debtors' rejection of an executory contract to which the creditor is a party, and (iv) any post-petition interest that the creditor may be entitled to on the Debtors' Claim Amount if these estates ultimately prove to be solvent, surplus estates.

NOW THEREFORE, THE PARTIES TO THIS STIPULATION HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.    Grand Valley and the Debtors agree that Grand Valley's Claim No. 53 shall be deemed to constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the amount of $76,433.09 and Grand Valley's Claim No. 117 shall be deemed to

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  constitute an allowed, non-priority general unsecured claim against the Debtors' estates in the

2  amount of $266,522.54.  Grand Valley and the Debtors therefore agree that between Claim No.

3  53 and Claim No. 117, Grand Valley shall be deemed to have a total allowed, non-priority

4  general unsecured claim against the Debtors' estates in the amount of $342,955.63 (the "Allowed

5  Claim Amount").

6      2.    Following the execution of this Stipulation by all parties, the Debtors shall make a

7  payment to Grand Valley in the amount of 60% of the Allowed Claim Amount (which payment

8  will be in the amount of $205,773.38).

9      3.    Following Grand Valley's receipt of payment from the Debtors in the amount of

10  $205,773.38,, Grand Valley agrees that the only remaining claim of Grand Valley against any of

11  the Debtors will be (i) a non-priority, general unsecured claim in the amount of the remaining

12  40% of the Allowed Claim Amount (in the amount of $137,182.25) and any post-petition interest

13  that Grand Valley may be entitled to on the Allowed Claim Amount if these estates ultimately

14  prove to be solvent, surplus estates.

15      4.    The person who is signing this Stipulation on behalf of Grand Valley represents

16  and acknowledges that (i) he has the authority to sign this Stipulation on behalf of Grand Valley

17  and to bind Grand Valley to all of its terms, (ii) Grand Valley has not sold or assigned all or any

18  portion of Grand Valley's Filed Claims or any other claim of Grand Valley against any of the

19  Debtors (collectively, the "Claims") and that Grand Valley is the holder of all of the Claims as of

20  the date of this Stipulation, and (iii) if Grand Valley subsequently elects to sell or assign all or

21  any portion of the Claims to a third party, Grand Valley will advise such third party of the

22  existence and terms of this Stipulation and advise such third party that the third party, and any

23  subsequent holder or assignee of all or any portion of the Claims will be bound to the terms of

24  this Stipulation.

25  ///

26  ///

27  ///

28  ///

9863741-v2

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

5.    This Stipulation will be binding on all successors and assigns of the parties to this Stipulation.

6.    Following the execution of this Stipulation by all parties, counsel to the Creditors' Committee will file this Stipulation with the Court.

Dated:  June 30, 2015           LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:_____
        Ron Bender
Attorneys for the Chapter 11 Debtors and Debtors-in-Possession

Dated:  June 29, 2015           VENABLE LLP

By_____
        Hamid R. Rafatjoo
Attorneys for the Official Committee of Unsecured Creditors

Dated:  June ___, 2015           JEFFER MANGELS BUTLER & MITCHELL LLP

By_____
        Joseph A. Eisenberg
Attorneys for Grand Valley Health Care Center, LLC

9863741-v2

1   5. This Stipulation will be binding on all successors and assigns of the parties to this

2 Stipulation.

3   6. Following the execution of this Stipulation by all parties, counsel to the Creditors'

4 Committee will file this Stipulation with the Court.

5 Dated: June __, 2015  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

6

7      By:_____

        Ron Bender

8      Attorneys for the Chapter 11 Debtors and Debtors-in-Possession

9

10 Dated: June 29, 2015  VENABLE LLP

11

12      By_____

        Hamid R. Rafatjoo

13      Attorneys for the Official Committee of Unsecured Creditors

14

15 Dated: June 29, 2015  JEFFER MANGELS BUTLER & MITCHELL LLP

16

17      By _____

        Joseph A. Eisenberg

18      Attorneys for Grand Valley Health Care Center, LLC

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

9863741-v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: ***NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING STIPULATION RESOLVING CLAIM NOS. 53 AND 117 FILED BY GRAND VALLEY HEALTH CARE CENTER, LLC; DECLARATION OF MARK BECKEL IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 8, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael A Abramson    maa@abramsonlawgroup.com
- Russell S Balisok    balisok@stopelderabuse.org
- Robert D Bass    rbass@greenbass.com
- Ron Bender    rb@lnbyb.com
- Richard S Berger    rberger@lgbfirm.com, marizaga@lgbfirm.com;ncereseto@lgbfirm.com;cboyias@lgbfirm.com
- Manuel A Boigues    bankruptcycourtnotices@unioncounsel.net
- Matthew Borden    borden@braunhagey.com, fair@braunhagey.com
- Michael J Bujold    Michael.J.Bujold@usdoj.gov
- Steven Casselberry    s.casselberry@mpglaw.com, j.jacobs@mpglaw.com
- Cheryl S Chang    Chang@Blankrome.com, Lalocke@Blankrome.com
- Baruch C Cohen    bcc4929@gmail.com, pjstarr@starrparalegals.com
- Michael T Delaney    mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
- Marianne M Dickson    MDickson@seyfarth.com, shobrien@seyfarth.com
- Caroline Djang    cdjang@rutan.com
- Joseph A Eisenberg    jae@jmbm.com, vr@jmbm.com;tgeher@jmbm.com;bt@jmbm.com;jae@ecf.inforuptcy.com
- Andrew L Ellis    Aellis@alelaw.com, sbarajas@alelaw.com
- Andy J Epstein    taxcpaesq@gmail.com
- Fahim Farivar    ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- Scott D Fink    brodellecf@weltman.com
- William L Foreman    wforeman@oca-law.com, laiken@oca-law.com
- Eric J Fromme    ejf@jmbm.com, lo2@jmbm.com
- Maryann P Gallagher    mail@mpg-law.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Fredric Glass    fglass@fairharborcapital.com
- Christina Goebelsmann    cgoebelsmann@wargofrench.com
- Matthew A Gold    courts@argopartners.net
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Michelle S Grimberg    msg@lnbrb.com, angela@lnbrb.com
- D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com
- Steven J Kahn    skahn@pszyjw.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- David I Katzen    katzen@ksfirm.com, schuricht@ksfirm.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Gerald P Kennedy    gerald.kennedy@procopio.com,
  kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Monica Y Kim    myk@lnbrb.com
- K Kenneth Kotler    kotler@kenkotler.com, zoe@kenkotler.com
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-
  law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-
  law.com;ilandsberg@ecf.inforuptcy.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Malinda Lee    malinda.lee@doj.ca.gov
- Leib M Lerner    leib.lerner@alston.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Howard S Levine    howard@cypressllp.com, jennifer@cypressllp.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
- Craig G Margulies    craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com
- Ashley M McDow    amcdow@bakerlaw.com,
  mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Jessica Mickelsen    jessica.mickelsen@kattenlaw.com,
  adelle.shafer@kattenlaw.com;ecf.lax.docket@kattenlaw.com
- Kenneth Miller    kmiller@ecjlaw.com, kanthony@ecjlaw.com
- Benjamin Nachimson    ben.nachimson@wgfllp.com
- Tara L Newman    tara.newman@doj.ca.gov
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Robert J Pfister    rpfister@ktbslaw.com
- Christopher E Prince    cprince@lesnickprince.com
- Hanna B Raanan    hraanan@marlinsaltzman.com,
  jhawkes@marlinsaltzman.com;sshepard@marlinsaltzman.com;irvinefileclerk@marlinsaltzman.c
  om
- Hamid R Rafatjoo    hrafatjoo@venable.com, kfox2@venable.com;bclark@venable.com
- Kurt Ramlo    kr@lnbyb.com
- Brett Ramsaur    bramsaur@swlaw.com, kcollins@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Paul R Shankman    pshankman@jhindslaw.com
- David B Shemano    dshemano@robinskaplan.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michael G Spector    mgspector@aol.com, ljdalley@aol.com
- Adam D Stein-Sapir    info@pfllc.com
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Kelly Sweeney    ksweeney@spiwakandiezza.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Kenneth K Wang    kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;yesenia.caro@doj.ca.gov
- Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Joshua D Wayser    joshua.wayser@kattenlaw.com,
  jessica.mickelsen@kattenlaw.com;kim.johnson@kattenlaw.com,ecf.lax.docket@kattenlaw.com,a
  delle.shafer@kattenlaw.com
- Andrew F Whatnall    awhatnall@daca4.com
- David J Williams    dwilliams@mrllp.com, creyes@mrllp.com
- Elisa B Wolfe-Donato    Elisa.Wolfe@doj.ca.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com
- David Wood    dwood@marshackhays.com, ecfmarshackhays@gmail.com
- Benyahou Yeroushalmi    ben@yeroushalmilaw.com
- Beth Ann R Young    bry@lnbyb.com
- Kristin A Zilberstein    bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**: On **July 8, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 8, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Served by Overnight Mail</u>
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 8, 2015 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          **F 9013-3.1.PROOF.SERVICE**

Country Villa
Secured, Committee, RSN, OUST
(consolidated)

Nancy S Goldenberg/ Elizabeth A Lossing
Office Of The United States Trustee
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Michael J Bujold
Office of the U.S. Trustee
915 Wilshire Boulevard
Suite 1850
Los Angeles, CA 90017

The Private Bank And Trust Company
120 South LaSalle Street
Chicago, IL 60603

CSE Claremont LLC
200 International Circle
Ste 3500
Hunt Valley, MD 21030

Invacare Credit Corporation
One Invacare Way
Elyria, OH 44035

CIT Communications Finance Corporation
1 CIT Drive
Livingston, NJ 07039

Jules And Associates, Inc.
515 S. Figueroa St, Suite 1950
Los Angeles, CA 90071

Love Funding Corporation
1250 Connecticut Avenue NW
Suite 310
Washington, DC 20036

Secretary Of Housing And Urban
Development
Office Of Healthcare Programs
451 7th Street SW
Washington, DC 20410

Love Funding Corporation
1250 Connecticut Avenue
Washington, DC 20036

CIT Finance LLC
1 CIT Drive
Livingston, NJ 07039

*Counsel to Private Bank*
Jason J. DeJonker
Seyfarth Shaw LLP
131 South Dearborn St., Suite 2400
Chicago, IL 60603-5577

*Counsel to Kaiser Foundation*
Christopher E. Prince
Lesnick Prince & Pappas LLP
315 West Ninth St, Suite 705
Los Angeles, CA 90015

Healthcare Services Group, Inc.
Attn: Raymond Crouse
3220 Tillman Drive
Bensalem, PA 19020

Interface Rehab, Inc.
Attn: Jansen Vu
774 S. Placentia Ave.
Placentia, CA 92870

Modern Health Holdings Inc.
Attn: Richard Katz or Denny Kon
110 E. Huntington Drive
Monrovia, CA 91016

Class Reps of CV Westwood Residents
Representative: Sean Pakdaman
c/o Law Offices of Ben Yeroushalmi
9100 Wilshire Blvd., Suite 240 West
Beverly Hills, CA 90212

McKesson Medical Surgical Minnesota
Supply
Attn: Anna Watkins & Ryan Washburn
One Post Street, 33rd Floor
San Francisco, CA 94104

Sysco Los Angeles, Inc.
Attn: Kim Howard
20701 E. Currier Rd.
Walnut, CA 91789

Culver Dairy, Inc. dba Dairy King Milk
Farms
Attn:  Joey Goldstein
11954 Washington Blvd.
Whittier, CA 90606

Karl E. Block, Esq.
Jeanne C. Wanlass, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067-4120

*Counsel for Creditors' Committee*
c/o Hamid R. Rafatjoo, Esq.
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067-3133

Tina Graham, Esq.
Legal Counsel, SCAN Group
1400 E. Southern Ave., Ste. 735
Tempe, AZ 85282

Bank of America, N.A.
7105 Corporate Drive
Plano, TX 75024

BSI Financial Services, Inc.
P.O. Box 517
Titusville, PA 16354

*Counsel for Bank of America and BSI*
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101

*Counsel for Krieger Family Trust*
David J. Williams, Esq.
Michelman & Robinson, LLP
17901 Von Karman Avenue, 10th Floor
Irvine, CA 92614