RON BENDER (SBN 143364)
PHILIP A. GASTEIER (SBN 130043)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue 10250
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyg.com; pag@lnbyg.com; kjm@lnbyg.com; lls@lnbyg.com

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Plaza Healthcare Center LLC,<br><br>    Debtor and Debtor in Possession.<br>_____<br>☒  Affects All Debtors<br><br>☐ Affects Belmont Heights Healthcare Center LLC<br>☐ Affects Claremont Healthcare Center Inc.<br>☐ Affects Country Villa East LP<br>☐ Affects Country Villa Imperial LLC<br>☐ Affects Country Villa Nursing Center Inc.<br>☐ Affects Country Villa Southbay LLC<br>☐ Affects East Healthcare Center LLC<br>☐ Affects Los Feliz Healthcare Center LLC<br>☐ Affects Mountainside Operating Company LLC<br>☐ Affects North Healthcare Center LLC<br>☐ Affects North Point Health & Wellness Center LLC<br>☐ Affects Plaza Convalescent Center LP<br>☐ Affects Plaza Healthcare Center LLC<br>☐ Affects RRT Enterprises LP<br>☐ Affects Sheraton Healthcare Center LLC<br>☐ Affects South Healthcare Center LLC<br>☐ Affects Westwood Healthcare Center LLC<br>☐ Affects Westwood Healthcare Center LP<br>☐ Affects Wilshire Healthcare Center LLC<br><br>    Debtors and Debtors in Possession. | Lead Case No.: 8:14-bk-11335-TA<br><br>Jointly administered with:<br>Case No. 8:14-bk-11337-TA<br>Case No. 8:14-bk-11358-TA<br>Case No. 8:14-bk-11359-TA<br>Case No. 8:14-bk-11360-TA<br>Case No. 8:14-bk-11361-TA<br>Case No. 8:14-bk-11362-TA<br>Case No. 8:14-bk-11363-TA<br>Case No. 8:14-bk-11364-TA<br>Case No. 8:14-bk-11365-TA<br>Case No. 8:14-bk-11366-TA<br>Case No. 8:14-bk-11367-TA<br>Case No. 8:14-bk-11368-TA<br>Case No. 8:14-bk-11370-TA<br>Case No. 8:14-bk-11371-TA<br>Case No. 8:14-bk-11372-TA<br>Case No. 8:14-bk-11373-TA<br>Case No. 8:14-bk-11375-TA<br>Case No. 8:14-bk-11376-TA<br>Chapter 11 Cases<br><br>**MOTION FOR APPROVAL OF STIPULATION TO CONTINUE HEARING ON MOTION FOR ENTRY OF FINAL DECREE CLOSING DEBTORS' CHAPTER 11 CASES**<br><br>Date:    March 30, 2022<br>Time:    10:00 am<br>Place:    Courtroom "5B"<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

Plaza Healthcare Center LLC (Lead Case No. 8:14-bk-11335-TA), along with all of the other eighteen jointly administered and affiliated reorganized debtors in the above-captioned, jointly administered, chapter 11 bankruptcy cases (previously the "Debtors" or "Reorganized Debtors") hereby file this Motion requesting the Court to continue the hearing on the Debtors' final decree motion, currently scheduled to be held on March 30, 2022, for approximately three months, and approve the Stipulation attached hereto as Exhibit "1" (the "Stipulation") entered into between the Reorganized Debtors and Shlomo Rechnitz ("Rechnitz"), as follows:

A. On either March 4 or March 5, 2014, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.

B. On October 31, 2014, the Debtors closed a sale to Rechnitz and certain designees (collectively, with Rechnitz, the "Buyers") of substantially all of their assets (including the Debtors' 19 facilities that Rechnitz or his affiliates were managing under agreements (the "IMA/MOTAs") under a certain term sheet and a purchase agreement. The State of California has not yet acted upon the Buyers' applications for licenses for the facilities they purchased from the Debtors, and the Debtors have certain obligations to the Buyers if the licensing is denied.

C. On October 3, 2017, the Court entered an order as Docket Number 2420 confirming the Debtors' Plan of Reorganization (Dated July 7, 2017) filed by the Debtors as Docket Number 2343 (the "Plan"). The Plan became effective on October 18, 2017 (the "Effective Date").

D. On November 22, 2017, the Reorganized Debtors filed their *Motion for Entry Of Final Decrees Closing Debtors' Chapter 11 Cases* as Docket Number 2630 (the "Final Decree Motion").

E. An initial hearing on the Final Decree Motion was held on December 13, 2017 (the "Initial Final Decree Hearing"). Shortly prior to the Initial Final Decree Hearing, Rechnitz

approached the Reorganized Debtors to request a continuance of the Initial Final Decree Hearing to afford the Buyers an opportunity to address certain lingering matters that the Buyers believe are causing or contributing to the delay in licensing of the Buyers.

F.      Prior to the Initial Final Decree Hearing, the Reorganized Debtors and Rechnitz entered into a *Stipulation To Continue Hearing On Motion For Entry Of Final Decrees Closing Debtors' Chapter 11 Cases* as Docket Number 2633, which was approved by the Court by an order entered on January 4, 2018 as Docket No. 2640, pursuant to which the Court continued the Initial Final Decree Hearing to March 28, 2018, at 10:00 a.m. (the "Second Final Decree Hearing").

G.      Prior to the Second Final Decree Hearing, the Reorganized Debtors and Rechnitz entered into a *Second Stipulation To Continue Hearing On Motion For Entry Of Final Decrees Closing Debtors' Chapter 11 Cases* as Docket Number 2646, which was approved by the Court by an order entered on March 26, 2018, as Docket No. 2647, pursuant to which the Court continued the Second Final Decree Hearing to August 1, 2018, at 10:00 a.m. (the "Third Final Decree Hearing").

H.      Prior to the hearing on August 1, 2018, the Debtors and Rechnitz agreed to continue the hearing on the Final Decree Motion. The Court continued the hearing on the Final Decree Motion to November 7, 2018, at 10:00 a.m. (the "Fourth Final Decree Hearing").

I.      Prior to the hearing on November 7, 2018, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to March 13, 2019, at 10:00 a.m. (the "Fifth Final Decree Hearing").

J.      Prior to the hearing on March 13, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing

on the Final Decree Motion to September 11, 2019, at 10:00 a.m. (the "Sixth Final Decree Hearing").

K. Prior to the hearing on September 11, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to December 11, 2019, at 10:00 a.m. (the "Seventh Final Decree Hearing").

L. Prior to the hearing on December 11, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to June 3, 2020, at 10:00 a.m. (the "Eighth Final Decree Hearing").

M. Prior to the hearing on June 3, 2020, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to December 2, 2020, at 10:00 a.m. (the "Ninth Final Decree Hearing").

N. Prior to the hearing on December 2, 2020, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to June 9, 2021, at 10:00 a.m. and then to June 23, 2021, at 10:00 a.m. (the "Tenth Final Decree Hearing").

O. Prior to the hearing on June 23, 2021, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to January 26, 2022, at 10:00 a.m. (the "Eleventh Final Decree Hearing").

P. Prior to the hearing on January 26, 2022, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to March 30, 2022, at 10:00 a.m. (the "Twelfth Final Decree Hearing").

Q. The Buyers still desire to obtain the licensing of the facilities prior to closure of the Debtors' cases, and the Reorganized Debtors desire to help facilitate that effort. Having the Buyers get licensed is in the best interests of the Reorganized Debtors since their obligations to the Buyers under their IMA/MOTAs will cease once the Buyers get licensed.

R. The Debtors believe it is entirely inappropriate for the State of California to have failed to license the Buyers on account of a sale transaction that occurred more than six years ago when the State ordinarily and routinely licenses buyers in the ordinary course in a matter of months and, by this delay, has left the Reorganized Debtors in a state of limbo. The Reorganized Debtors therefore have a vested interest in assisting the Buyers to get licensed, and the Reorganized Debtors believe that continuing the hearing on the Final Decree Hearing and entering into the Stipulation (which will fund the cost of the requested continuance) is in the best interest of these bankruptcy estates.

S. By way of the Stipulation, the Reorganized Debtors are requesting the Court to continue the hearing on the Final Decree Motion for a period of three months to a date that is available to the Court.

T. Pursuant to the Stipulation, Rechnitz has wire transferred or will wire transfer the sum of $45,000 to counsel for the Reorganized Debtors, Levene, Neale, Bender, Yoo & Golubchik L.L.P., for the benefit of the Reorganized Debtors as a non-refundable continuance fee, which continuance fee shall be retained as the property of the Reorganized Debtors unless the Court declines to continue the hearing on the Final Decree Motion as requested in which case the Reorganized Debtors shall refund this payment to Rechnitz.

U. To ensure exposure is limited as to potential liabilities to Rechnitz and the Buyers, the Debtors seek, and Rechnitz, on behalf of himself and the Buyers, agrees that, while this Stipulation does not affect the rights and obligations of the Debtors, the Buyers, and their

5

respective affiliates under the IMA/MOTAs, Term Sheet, Purchase Agreement, Seven New Leases, any other documents previously entered into in connection with such matters or with the Closing, the December 31, 2015 Settlement Agreement (affecting, *inter alia*, rights and obligations if any of the Buyers' license applications are denied), and any other express agreement between the parties, Rechnitz and the Buyers may not assert any other claims for contribution or indemnification against the Reorganized Debtors, their affiliates or their principals for any reason if in connection with any event, conduct or circumstances that occurred prior to the Closing, including, but not limited to, any such claims for contribution or indemnification arising out of the pending investigation by the State of California of alleged false claims and any related litigation.

For all of the reasons set forth above, the Reorganized Debtors believe that continuing the hearing on the Final Decree Motion for a period of three months and entering into the Stipulation is in the best interests of these estates.

WHEREFORE, the Reorganized Debtors therefore respectfully request that the Court continue the hearing on the Final Decree Motion for a period of approximately three months and approve the Stipulation.

Dated: March 9, 2022                    PLAZA HEALTHCARE CENTER LLC, ET AL.

                                        By:    */s/ Ron Bender*
                                               Ron Bender
                                               Philip A. Gasteier
                                               Lindsey L. Smith
                                               Levene, Neale, Bender, Yoo & Golubchik L.L.P.
                                               Attorneys for Reorganized Debtors

# EXHIBIT "1"

RON BENDER (SBN 143364)
PHILIP A. GASTEIER (SBN 130043)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue 10250
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyg.com; pag@lnbyg.com; kjm@lnbyg.com; lls@lnbyg.com

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Plaza Healthcare Center LLC,<br><br>    Debtor and Debtor in Possession.<br><br>☒  Affects All Debtors<br><br>☐ Affects Belmont Heights Healthcare Center LLC<br>☐ Affects Claremont Healthcare Center Inc.<br>☐ Affects Country Villa East LP<br>☐ Affects Country Villa Imperial LLC<br>☐ Affects Country Villa Nursing Center Inc.<br>☐ Affects Country Villa Southbay LLC<br>☐ Affects East Healthcare Center LLC<br>☐ Affects Los Feliz Healthcare Center LLC<br>☐ Affects Mountainside Operating Company LLC<br>☐ Affects North Healthcare Center LLC<br>☐ Affects North Point Health & Wellness Center LLC<br>☐ Affects Plaza Convalescent Center LP<br>☐ Affects Plaza Healthcare Center LLC<br>☐ Affects RRT Enterprises LP<br>☐ Affects Sheraton Healthcare Center LLC<br>☐ Affects South Healthcare Center LLC<br>☐ Affects Westwood Healthcare Center LLC<br>☐ Affects Westwood Healthcare Center LP<br>☐ Affects Wilshire Healthcare Center LLC<br><br>    Debtors and Debtors in Possession. | Lead Case No.: 8:14-bk-11335-TA<br><br>Jointly administered with:<br>Case No. 8:14-bk-11337-TA<br>Case No. 8:14-bk-11358-TA<br>Case No. 8:14-bk-11359-TA<br>Case No. 8:14-bk-11360-TA<br>Case No. 8:14-bk-11361-TA<br>Case No. 8:14-bk-11362-TA<br>Case No. 8:14-bk-11363-TA<br>Case No. 8:14-bk-11364-TA<br>Case No. 8:14-bk-11365-TA<br>Case No. 8:14-bk-11366-TA<br>Case No. 8:14-bk-11367-TA<br>Case No. 8:14-bk-11368-TA<br>Case No. 8:14-bk-11370-TA<br>Case No. 8:14-bk-11371-TA<br>Case No. 8:14-bk-11372-TA<br>Case No. 8:14-bk-11373-TA<br>Case No. 8:14-bk-11375-TA<br>Case No. 8:14-bk-11376-TA<br>Chapter 11 Cases<br><br>**STIPULATION TO CONTINUE HEARING ON MOTION FOR ENTRY OF FINAL DECREE CLOSING DEBTORS' CHAPTER 11 CASES**<br><br>Date:    March 30, 2022<br>Time:    10:00 am<br>Place:    Courtroom "5B"<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

1

This Stipulation is entered into by and between Plaza Healthcare Center LLC (Lead Case No. 8:14-bk-11335-TA), along with all of the other eighteen jointly administered and affiliated reorganized debtors in the above-captioned, jointly administered, chapter 11 bankruptcy cases (previously the "Debtors" and currently the "Reorganized Debtors") and Shlomo Rechnitz ("Rechnitz"), by and through their respective counsel of record, as follows:

A. On either March 4 or March 5, 2014, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.

B. On October 31, 2014, the Debtors closed a sale to Rechnitz and certain designees (collectively, with Rechnitz, the "Buyers") of substantially all of their assets (including the Debtors' 19 facilities that Rechnitz or his affiliates were managing under agreements (the "IMA/MOTAs") under a certain term sheet and a purchase agreement. The State of California has not yet acted upon the Buyers' applications for licenses for the facilities they purchased from the Debtors, and the Debtors have certain obligations to the Buyers if the licensing is denied.

C. On October 3, 2017, the Court entered an order as Docket Number 2420 confirming the Debtors' Plan of Reorganization (Dated July 7, 2017) filed by the Debtors as Docket Number 2343 (the "Plan"). The Plan became effective on October 18, 2017 (the "Effective Date").

D. On November 22, 2017, the Reorganized Debtors filed their *Motion for Entry Of Final Decrees Closing Debtors' Chapter 11 Cases* as Docket Number 2630 (the "Final Decree Motion").

E. An initial hearing on the Final Decree Motion was held on December 13, 2017 (the "Initial Final Decree Hearing"). Shortly prior to the Initial Final Decree Hearing, Rechnitz approached the Reorganized Debtors to request a continuance of the Initial Final Decree Hearing to afford the Buyers an opportunity to address certain lingering matters that the Buyers believe are causing or contributing to the delay in licensing of the Buyers.

F. Prior to the Initial Final Decree Hearing, the Reorganized Debtors and Rechnitz entered into a *Stipulation To Continue Hearing On Motion For Entry Of Final Decrees Closing*

*Debtors' Chapter 11 Cases* as Docket Number 2633, which was approved by the Court by an order entered on January 4, 2018 as Docket No. 2640, pursuant to which the Court continued the Initial Final Decree Hearing to March 28, 2018, at 10:00 a.m. (the "Second Final Decree Hearing").

G. Prior to the Second Final Decree Hearing, the Reorganized Debtors and Rechnitz entered into a *Second Stipulation To Continue Hearing On Motion For Entry Of Final Decrees Closing Debtors' Chapter 11 Cases* as Docket Number 2646, which was approved by the Court by an order entered on March 26, 2018, as Docket No. 2647, pursuant to which the Court continued the Second Final Decree Hearing to August 1, 2018, at 10:00 a.m. (the "Third Final Decree Hearing").

H. Prior to the hearing on August 1, 2018, the Debtors and Rechnitz agreed to continue the hearing on the Final Decree Motion. The Court continued the hearing on the Final Decree Motion to November 7, 2018, at 10:00 a.m. (the "Fourth Final Decree Hearing").

I. Prior to the hearing on November 7, 2018, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to March 13, 2019, at 10:00 a.m. (the "Fifth Final Decree Hearing").

J. Prior to the hearing on March 13, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to September 11, 2019, at 10:00 a.m. (the "Sixth Final Decree Hearing").

K. Prior to the hearing on September 11, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to December 11, 2019, at 10:00 a.m. (the "Seventh Final Decree Hearing").

L. Prior to the hearing on December 11, 2019, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to June 3, 2020, at 10:00 a.m. (the "Eighth Final Decree Hearing").

M. Prior to the hearing on June 3, 2020, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to December 2, 2020, at 10:00 a.m. (the "Ninth Final Decree Hearing").

N. Prior to the hearing on December 2, 2020, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to June 9, 2021, at 10:00 a.m. and then to June 23, 2021, at 10:00 a.m. (the "Tenth Final Decree Hearing").

O. Prior to the hearing on June 23, 2021, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to January 26, 2022, at 10:00 a.m. (the "Eleventh Final Decree Hearing").

P. Prior to the hearing on January 26, 2022, the Debtors and Rechnitz agreed to continue further the hearing on the Final Decree Motion. The Court further continued the hearing on the Final Decree Motion to March 30, 2022, at 10:00 a.m. (the "Twelfth Final Decree Hearing").

Q. The Buyers still desire to obtain the licensing of the facilities prior to closure of the Debtors' cases, and the Reorganized Debtors desire to help facilitate that effort. Having the Buyers get licensed is in the best interests of the Reorganized Debtors since their obligations to the Buyers under their IMA/MOTAs will cease once the Buyers get licensed.

R. Rechnitz desires and requests to continue the Twelfth Final Decree Hearing. The Reorganized Debtors join Rechnitz in his request.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE COURT, THE REORGANIZED DEBTORS AND RECHNITZ HEREBY AGREE AS FOLLOWS:

1. The hearing on the Final Decree Motion will be continued for approximately three months to a date that is available to the Court.

2. By Monday, March 14, 2022, Rechnitz will wire transfer the sum of $45,000 to counsel for the Reorganized Debtors, Levene, Neale, Bender, Yoo & Golubchik L.L.P., for the benefit of the Reorganized Debtors, which shall constitute a non-refundable continuance fee,

which continuance fee shall be retained as the property of the Reorganized Debtors unless the Court declines to continue the hearing on the Final Decree Motion as requested in which case the Reorganized Debtors shall refund this payment to Rechnitz.

3.  To ensure exposure is limited as to potential liabilities to Rechnitz and the Buyers, the Debtors seek, and Rechnitz, on behalf of himself and the Buyers, agrees that while this Stipulation does not affect the rights and obligations of the Debtors, the Buyers, and their respective affiliates under the IMA/MOTAs, Term Sheet, Purchase Agreement, Seven New Leases, any other documents previously entered into in connection with such matters or with the Closing, the December 31, 2015 Settlement Agreement (affecting, *inter alia*, rights and obligations if any of the Buyers' license applications are denied), and any other express agreement between the parties, Rechnitz and the Buyers may not assert any other claims for contribution or indemnification against the Reorganized Debtors, their affiliates or their principals for any reason if in connection with any event, conduct or circumstances that occurred prior to the Closing, including, but not limited to, any such claims for contribution or indemnification arising out of the pending investigation by the State of California of alleged false claims and any related litigation.

4.  For all of the Reorganized Debtors that continue as licensors of facilities, the Reorganized Debtors will undertake reasonable efforts to obtain Certificates of Good Standing in California assuring, *inter alia*, that they are in existence, authorized to transact business in the State, and are current on all of their filings with both the Secretary of State and Franchise Tax Board.

Dated: March 9, 2022

Agreed:

Levene, Neale, Bender, Yoo & Golubchik L.L.P.

By: /s/ Ron Bender
    Ron Bender, Esq.
    Co-Counsel for Reorganized Debtors

5

1  Agreed:

2  Pachulski Stang Ziehl & Jones LLP

3

4  By: _____
       Robert Orgel, Esq.
5      Attorneys for Shlomo Rechnitz

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, California 90034

A true and correct copy of the foregoing document entitled **MOTION FOR APPROVAL OF STIPULATION TO CONTINUE HEARING ON MOTION FOR ENTRY OF FINAL DECREE CLOSING DEBTORS' CHAPTER 11 CASES.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 9, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **March 9, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 9, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 9, 2022 | Damon Woo | /s/ Damon Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                           F 9013-3.1.PROOF.SERVICE

- Michael A Abramson    maa@abramsonlawgroup.com
- Evan R Adams    eadams@dir.ca.gov
- Russell S Balisok    balisok@stopelderabuse.org
- Robert D Bass    bob.bass47@icloud.com
- Ron Bender    rb@lnbyb.com
- Ron Bender    kjm@lnbyb.com
- Richard S Berger - INACTIVE -    rberger@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com
- Karl E Block    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- Manuel A Boigues    mboigues@unioncounsel.net, mboigues@unioncounsel.net
- Matthew Borden    borden@braunhagey.com, kushnir@braunhagey.com;fisher@braunhagey.com;hasegawa@braunhagey.com;szoke@braunhagey.com;baker@braunhagey.com;rivera@braunhagey.com;ridge@braunhagey.com;le@braunhagey.com;ostrom@braunhagey.com;vare@braunh
- Michael J Bujold    Michael.J.Bujold@usdoj.gov
- Steven Casselberry    s.casselberry@mpglaw.com, S.Geraghty@musickpeeler.com
- Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Michael T Delaney    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- Marianne M Dickson    MDickson@seyfarth.com, shobrien@seyfarth.com
- Joseph A Eisenberg    jae@jmbm.com, bt@jmbm.com
- Andrew L Ellis    rgalvan@alelaw.com
- Andy J Epstein    taxcpaesq@gmail.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Fahim Farivar    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- Scott D Fink    colcaecf@weltman.com
- William L Foreman    wforeman@oca-law.com, laiken@oca-law.com
- Maryann P Gallagher    mail@mpg-law.com
- Jeffrey Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- Philip A Gasteier    pag@lnbrb.com
- Fredric Glass    fglass@fairharborcapital.com
- Christina L Goebelsmann    christina.goebelsmann@sba.gov

- Matthew A Gold     courts@argopartners.net
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- Michelle S Grimberg     msg@lnbrb.com, angela@lnbrb.com
- D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Mark S Horoupian     mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Jacqueline L James     jjames@hrhlaw.com
- Steven J Kahn     skahn@pszyjw.com
- Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
- David I Katzen     katzen@ksfirm.com, schuricht@ksfirm.com
- Sweeney Kelly     kelly@ksgklaw.com
- Gerald P Kennedy     gerald.kennedy@procopio.com, kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Payam Khodadadi     pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Monica Y Kim     myk@lnbyg.com, myk@ecf.inforuptcy.com
- Nicholas A Koffroth     nkoffroth@foxrothschild.com
- K Kenneth Kotler     kotler@kenkotler.com, linda@kenkotler.com
- Ian Landsberg     ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
- Mary D Lane - SUSPENDED -     mal@msk.com, mec@msk.com
- Malinda Lee     malinda.lee@doj.ca.gov
- Elan S Levey     elan.levey@usdoj.gov, julie.morales@usdoj.gov
- Samuel R Maizel     samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- Craig G Margulies     Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Krikor J Meshefejian     kjm@lnbyg.com
- Jessica Mickelsen Simon     simonjm@ballardspahr.com, carolod@ballardspahr.com
- Kenneth Miller     kmiller@pmcos.com, efilings@pmcos.com
- Benjamin Nachimson     ben.nachimson@wnlawyers.com, ben.nachimson@wnlawyers.com
- Jennifer L Nassiri     jennifernassiri@quinnemanuel.com, bdelacruz@sheppardmullin.com

- Tara L Newman    tara.newman@doj.ca.gov
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Veronica A Pacheco    BDBKInquiry@wellsfargo.com, BDBKInquiry@wellsfargo.com
- Eric S Pezold    epezold@swlaw.com, knestuk@swlaw.com
- David M Poitras    dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com;jchoi@wedgewood-inc.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Hanna B Raanan    hraanan@marlinandsaltzman.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Kurt Ramlo    kr@lnbyg.com, kr@ecf.inforuptcy.com
- Brett Ramsaur    brett@ramsaurlaw.com, stacey@ramsaurlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Mary H Rose    mrose@buchalter.com
- Emmanuel R Salazar    EMMANUEL.SALAZAR@DOJ.CA.GOV
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- David B Shemano    dshemano@shemanolaw.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
- Adam D Stein-Sapir    info@pfllc.com
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Kenneth K Wang    kenneth.wang@doj.ca.gov, Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
- Jeanne C Wanlass    jcwanlass@yahoo.com
- Joshua D Wayser    joshua.wayser@kattenlaw.com, jessica.mickelsen@kattenlaw.com;kim.johnson@kattenlaw.com,ecf.lax.docket@kattenlaw.com,adelle.shafer@kattenlaw.com
- Brian D Wesley    brian.wesley@doj.ca.gov
- Andrew F Whatnall    awhatnall@daca4.com
- Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- David J Williams    dwilliams@mrllp.com, creyes@mrllp.com
- Elisa B Wolfe-Donato    Elisa.Wolfe@doj.ca.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

- David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Benyahou Yeroushalmi    ben@yeroushalmilaw.com
- Ramin R Younessi    jflores@younessilaw.com, dsohn@younessilaw.com;tnoda@younessilaw.com;sgeshgian@younessilaw.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Kristin A Zilberstein    Kris.Zilberstein@Padgettlawgroup.com, BKecf@padgettlawgroup.com;Kris.Zilberstein@ecf.courtdrive.com